UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HUGO EDGARDO TORRES AQUINO,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 1:26-cv-02948-DJC-JDP

ORDER

On April 27, 2026, the Court ordered Petitioner released from the custody of United States Immigration and Customs Enforcement ("ICE"). (ECF No. 9) The following day, Respondents filed a status report confirming that Petitioner had been released from ICE custody. (ECF No. 11.) Petitioner was re-detained on June 30, 2026. On July 6, 2026, Petitioner filed a Motion to Enforce Judgment and for a finding of contempt based on the re-detention, arguing that it violated the Court's order. (ECF No. 13.) However, the day after the Court ordered Petitioner's release, an Immigration Judge granted a motion to dismiss removal proceedings. (*See* ECF No. 15-1.) Respondents contend that because these proceedings have now been dismissed, Petitioner's detention is now proper to effectuate a May 28, 1997 removal order. (ECF No. 15 at 3; *see* ECF No. 15-2.)

Given the dismissal of the removal proceedings and the presence of the removal order, Petitioner's re-detention does not violate the Court's prior order. In ordering Petitioner released the Court expressly stated that "[the] Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal." (ECF No. 9.) Based on the information currently before the Court, Petitioner's present detention was enacted in connection with such a final order of removal. As such, it does not run afoul of the Court's order and judgment. This is not to say that Petitioner's present detention is necessarily lawful; it may be that Petitioner is entitled to habeas relief on some other basis. But that is not the issue presently before the Court in this action. The Court is concerned with what seems to be the Government's manipulation of procedural processes to create a justification to detain Petitioner based on a nearly thirty-year-old removal order. Nevertheless, Respondents have not clearly violated of the Court's Order given the language quoted above.

Accordingly, Petitioner's Motion to Enforce Judgment and Order to Show Cause Re:Civil Contempt of Court (ECF No. 13) is DENIED.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE